Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. John Rutkowski, Appellee.

Argued June 4, 1979, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Gerald Gornish,* Acting Attorney General, for appellant.

*Anthony J. Rosini,* for appellee.

OPINION BY JUDGE DiSALLE, September 14, 1979:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Northumberland County setting aside the revocation of the operating privileges of John Rutkowski.

On July 23, 1976, Rutkowski pled guilty to a charge of operating a motor vehicle while under the influence of intoxicating liquor. Sentence was imposed on October 21, 1976, and certified to the Department of Transportation, Bureau of Traffic Safety (Bureau) on March 16, 1977. On March 23, 1978, the Bureau notified Rutkowski that his operating privileges had been revoked for one year pursuant to Section 616(a)(1) of The Vehicle Code (Code), Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §616(a)(1), repealed by the Act of June 17, 1976, P.L. 162 (*see* now Section 1532 in the Vehicle Code, 75 Pa. C.S. §1532, effective July 1, 1977).

Rutkowski appealed the revocation to the Court of Common Pleas of Northumberland County. On June 28, 1978, the court handed down an opinion and order sustaining the appeal, reasoning that while a delay of more than one year might not of itself compel over-

turning the administrative action, this delay, when viewed in conjunction with the prejudice Rutkowski was found to have suffered, was sufficient to render the revocation improper.

The parties essentially agree on the law governing this matter. The requirement in former Section 616 (a)(1) of the Code that the Bureau act "forthwith" upon receipt of the report of conviction has never been construed to fix an arbitrary time limit for administrative action. Rather, "it has been held that *absent a showing of prejudice,* the mere passage of time between defendant's conviction and the suspension of his operating privileges is not sufficient justification to set aside the action of [the Bureau]." *Department of Transportation, Bureau of Traffic Safety v. Lea,* 34 Pa. Commonwealth Ct. 310, 312, 384 A.2d 269, 270-71 (1978) (emphasis supplied). The Commonwealth argues that Rutkowski's showing of prejudice was insufficient, as a matter of law, to justify vitiating the administrative action. We disagree.

Rutkowski offered testimony tending to prove that he could have obtained employment near his residence so as to avoid the transportation problem he would have faced in getting to and from his work at Millersburg, some 34 miles away, once his license was revoked. He claims that in reliance on the long administrative delay, he did not change his employment. The presiding judge found his testimony credible, and we cannot say that he erred in this regard.

While reasonable minds may differ as to the weight such prejudice is to be accorded in the context of administrative delay and as to the ultimate determination of whether PennDOT complied with the statutory direction to act "forthwith", the hearing court, in the exercise of its sound discretion, has struck the balance in Rutkowski's favor. Having carefully reviewed the record, we are unable to say that the court

acted unreasonably or abused its discretion. *See, e.g.,* *Department of Transportation v. Hosek,* 3 Pa. Commonwealth Ct. 580, 284 A.2d 524 (1971). We certainly are not prepared to say that the prejudice which *Rutkowski* suffered was not sufficient, *as a matter of law,* to justify the lower court's action.

ORDER

AND Now, this 14th day of September, 1979, the order of the Court of Common Pleas of Northumberland County dated June 28, 1978, is hereby affirmed.