Laurance D. Chappell, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued May 8, 1981, before President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Thomas H. Welsh, Metz, Cook, Hanna & Kelly,* for appellant.

*John J. Kelley, Jr.,* Assistant Counsel, with him *Harold H. Cramer,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, Transportation, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE ROGERS, June 5, 1981:

As the result of an incident which occurred on July 10, 1977, the appellant, Laurance D. Chappell, was charged with violating Section 1547 (refusing to submit to chemical test of breath) and Section 3731(a)(1) (driving under the influence of alcohol) of the Vehicle Code, 75 Pa. C. S. §§1547 and 3731. As a result of the Section 1547 violation, the appellant was, by a notice dated October 18, 1977, informed by the Secretary of Transportation that his license was suspended for six months effective October 28, 1977.

The appellant mailed his license to the Department on October 28, 1977, and on the same day pleaded guilty in the Criminal Division of the Court of Common Pleas of Allegheny County to the charge of drunk driving. For this offense the appellant was sentenced to fifteen months' probation on December 7, 1977. On January 12, 1978, the record of the conviction was cer-

tified to the Department by the clerk of courts. The Department received the certification on February 16, 1978.

The appellant's license was returned to him by the Department on April 28, 1978, just six months from the effective date of the suspension for violating Section 1547 for refusing to take the breathalyzer test.

On June 12, 1978, the Department of Transportation notified the appellant that his license was to be suspended for six months for his violation of Section 3731(a)(1).[1] The appellant appealed the second suspension to the court below where after hearing it was dismissed. This appeal followed.

The appellant argues that the second suspension should be held to be ineffective because the clerk of courts failed to comply with the Section 6323 of the Vehicle Code which provides that "[t]he clerk of any court . . . within ten days after final judgment of conviction . . . shall send to the department a record of the judgment of conviction.'' There is nothing in this record, the Vehicle Code, or reason which supports the appellant's contention that the Department's power, indeed duty, to suspend his license for drunken driving should be cancelled out by reason of a clerk of court's inattention to duty. Indeed Section 6324 of the Code imposing fines upon, and the removal from office of, delinquent clerks of courts is the Legislature's adequate provision for enforcement of Section 6323 and we see no reason why we should visit the sins of the court clerks upon the traveling public whom the suspension was meant to protect.

The Department is chargeable only with delay occurring after it received the certification of conviction. *Department of Transportation, Bureau of Traf-*

---

[1] This notice erroneously listed the date of conviction on the Section 3731(a)(1) charge as July 27, 1977, as a result of the same error in the clerk of court's report.

*fic Safety v. Parr,* Pa. Commonwealth Ct. , 424 A.2d 604 (1981). The appellant's reliance on *Department of Transportation v. Hosek,* 3 Pa. Commonwealth Ct. 580, 284 A.2d 524 (1971) is ineffective. First, the version of the Vehicle Code under consideration in *Hosek* required the Department to act "forthwith", a requirement not repeated in the present ·Code. Second, we held in *Hosek* that the licensee must show some prejudice as the result of the delay and the bare assertion, with no supporting evidence presented, that the appellant would lose his job if his license were again suspended is not persuasive in view of the facts that the appellant retained his job during the first suspension by hiring a driver and that there is no evidence that he could not make the same arrangements again. The four months' delay between the receipt by the Department of the notice of certification and its suspension action was not unreasonable.

The appellant also argues that the second suspension should be nullified because the Department failed to comply with Section 1544(b) of the Code which provides that when an additional suspension is assessed during a period of suspension the Department shall extend the existing period of suspension for the appropriate period and notify the driver in writing. This was not raised below and therefore we are not required to address it. We nevertheless note that, as the Department explained in its brief, the conviction report on the Section 3731(a)(1) (drunken driving) violation was entered on the Department records on June 5, 1978,[2] a date after the first suspension for refusing the breathalyzer test had ended and therefore could not have been attached as an extension.

· Order affirmed.

---

[2] The record entry date appears on the notice of suspension at the top as the "O.R." number, in this case 78-156, that is, the one hundred and fifty-sixth day of 1978, June 5, 1978.

508

### ORDER

AND Now, this 5th day of June, 1981, the order of the Court of Common Pleas of Allegheny County dismissing the appeal of Laurance D. Chappell is affirmed.