William L. Smith, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs June 1, 1981, before President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

320

*James D. Flower, Jr., Myers, Myers, Flower and Johnson,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel of Transportation, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE ROGERS, July 2, 1981:

William L. Smith has appealed from an order of the Court of Common Pleas of Cumberland County affirming the one year revocation of Smith's motor vehicle operator's license by the Department of Transportation.

Effective February 2, 1977, Smith's operator's license was revoked for one year based on his conviction in August, 1976 of driving while under the influence of alcohol. Section 1037 of the Vehicle Code of 1959, Act of April 29, 1959, P.L. 58, *as amended,* formerly 75 P.S. §1037, repealed by Section 7 of the Act of June 17, 1976, P.L. 162; a similar provision now appears at Section 3731 of the Vehicle Code, 75 Pa. C. S. §3731. On December 24, 1977, while the revocation was in effect, Smith was stopped by a police officer and a traffic citation was issued charging him with "OPERATING WHILE UNDER SUSPENSION," and describing the nature of the offense as "DID OPERATE A MOTOR VEHICLE WHILE OPERATING PRIVILEGES SUSPEND-ED." The citation further stated that this offense was a violation of Section 1543 of the Vehicle Code, 75 Pa. C. S. §1543. On January 5, 1978, Smith's wife paid the fine and costs for the offense and Smith thus stood convicted of driving while under suspen-

sion. *See* Section 6501 of the Vehicle Code, 75 Pa. C. S. §6501.

On February 10, 1978, Smith's operator's license was restored by the Department upon the expiration of Smith's one year revocation stemming from the August, 1976 conviction. On March 9, 1979, Smith received notice from the Department that his operator's license was again being revoked for one year as a result of his January, 1978 conviction for a violation of Section 1543 of the Vehicle Code. Smith appealed the Department's revocation to the lower court, which after a hearing de novo, affirmed the Department's actions. This appeal followed.[1]

Smith first contends that the lower court erred in sustaining the Department's revocation of Smith's operator's license for one year because under Section 1543 of the Vehicle Code, his license may be revoked for six months only. We agree. Section 1543 (b) provides

> [t]he department, upon receiving a certified record of the conviction of any person under this section upon a charge of driving a vehicle while the operating privilege was suspended, shall revoke such privilege for an additional period of six months. If the conviction was upon a charge of driving while the operating privilege was revoked, the department shall revoke the operating privilege for an additional period of one year.

It is true that in December, 1977, when Smith received the citation, he in fact was operating his vehicle while his operating privileges were revoked rather than suspended. However, under the statute the duration of the period of revocation is to be de-

---

[1] The Department's revocation of Smith's operator's license has been stayed by order of the court below throughout these proceedings.

termined by the offense of which he was convicted—whether of driving while under suspension or of driving while under revocation. *See Bureau of Traffic Safety v. Antram*, 48 Pa. Commonwealth Ct. 135, 409 A.2d 492 (1979). The Department never received a certified record showing that Smith had been convicted of driving while under revocation. It received a certified record of conviction of driving while under suspension. Accordingly, Smith's operator's license may be revoked under Section 1543(b) of the Vehicle Code only for six months. This result may not be avoided on the ground that the police officer charged Smith with the wrong offense. *Cf. Commonwealth v. Hoffman*, 230 Pa. Superior Ct. 444, 331 A.2d 805 (1974) (a person cannot be convicted and sentenced for a crime of which he is not charged).

Smith also contends that under Section 1544 of the Vehicle Code, 75 Pa. C. S. §1544, the Department may only extend the duration of his first license revocation and thus was without authority to revoke his operator's license after restoration of his license upon the expiration of his first revocation. Section 1544(d) of the Vehicle Code, 75 Pa. C. S. §1544(d) provides in part that "[w]hen any person's record shows a conviction calling for revocation of the operating privilege during a period of revocation, the department shall extend the existing period of revocation for the appropriate period."[2] Smith's conviction for driving while under suspension was not entered upon his record until March 2, 1979,[3] after

---

[2] Section 1544 of the Vehicle Code contains four subsections, each treating the extension of an operator's license suspension or revocation for subsequent offenses. Each section contains the qualifying language, "[w]hen any person's record shows."

[3] The record entry date appears on the notice of revocation at the top as the "O.R." number, in this case 79-061, that is, the sixty-first day of 1979, March 2, 1979.

his initial revocation expired on February 10, 1978.[4] Thus, Smith's record did not show a conviction calling for revocation of his operating privileges during the period of his initial revocation and Section 1544 had no applicability to the second revocation. *See* *Chappell v. Commonwealth*, 59 Pa. Commonwealth Ct. 504, A.2d (No. 1203 C.D. 1979, filed June 5, 1981).

Order reversed; record remanded to the Department for the issuance of an official notice consistent with this opinion.

## ORDER

AND Now, this 2nd day of July, 1981, the order of the Court of Common Pleas of Cumberland County, No. 1588 Civil 1979, affirming the Department of Transportation's revocation of William L. Smith's Operator's license for one year, is reversed. The Official Notice of the Department of Transportation, dated March 9, 1979, revoking the motor vehicle operator's license of William L. Smith for a period of one year, is corrected to be a period of six months and, as modified, is affirmed. The record is remanded to the Department of Transportation for issuance of an official notice consistent with this opinion.

---

[4] We are not told upon whom the responsibility falls for the fourteen month delay between the time Smith was convicted of driving while under suspension and the entry of the conviction upon the Department's records. However, no matter where the responsibility lies, the mere fact that fourteen months elapsed between Smith's conviction and the Department's issuance of the notice of revocation, without a showing of prejudice to Smith, does not vitiate the revocation. *See, e.g., Chappell v. Commonwealth,* 59 Pa. Commonwealth Ct. 504, A.2d (No. 1203 C.D. 1979, filed June 5, 1981) ; *Bureau of Traffic Safety v. Kirk,* 48 Pa. Commonwealth Ct. 429, 410 A.2d 95 (1980).