Raymond Craig Helt, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

334

Submitted on briefs September 13, 1982, to President Judge CRUMLISH, JR. and Judges BLATT and MAC-PHAIL, sitting as a panel of three.

*Richard P. Noll,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

PER CURIAM OPINION, October 15, 1982:

Raymond Craig Helt (Appellant) has appealed from an order of the Court of Common Pleas of Cumberland County which affirmed the Department of Transportation, Bureau of Traffic Safety's (Bureau) revocation of Appellant's operating privileges for the period of one year.

Appellant's operating privileges were revoked in 1978 for a period of one year as a result of his plead-

ing guilty to a charge of driving under the influence. On June 6, 1979, Appellant was cited for driving "while operating privilege was suspended." On October 3, 1979, Appellant was convicted for this offense by the Court of Common Pleas of Cumberland County. No appeal was taken from this conviction. As a result of this conviction, the Bureau again revoked Appellant's license for a period of one year, pursuant to Section 1543(b) of the Vehicle Code, 75 Pa. C. S. §1543(b).

Appellant has made two arguments to this Court. First of all, Appellant contends that, because the Bureau's own records show his operating privileges restored on the date of his citation for driving while privileges were suspended, the Bureau's records do not support a further revocation. Appellant argues that the conviction itself is not a basis on which to automatically revoke a license but that the suspension must be based on the entire record of the Bureau.

Appellant has clearly misread Section 1543(b) of the Vehicle Code, however. That section specifically states: "The department, *upon receiving* a certified record of the *conviction . . . shall* revoke [the license]." (Emphasis added.) The conviction itself *is* the basis on which a license is automatically revoked. Appellant's argument is merely a disguised attempt at attacking the underlying conviction; this may not be done. *See Department of Transportation, Bureau of Traffic Safety v. Calloway,* 60 Pa. Commonwealth Ct. 647, 432 A.2d 322 (1981).

Appellant's second argument, however, does have merit. Because Appellant was cited and convicted of driving while his license was *suspended,* he should have received, under Section 1543(b) of the Vehicle Code, only a six month revocation. In *Smith v. Department of Transportation,* 60 Pa. Commonwealth Ct. 319, 431 A.2d 401 (1981) we held that the fact that

Appellant could and even should have been convicted of driving while his license was *revoked* (instead of *suspended*), could not be used to collaterally look behind the actual conviction in setting the length of the revocation imposed. Thus, the Bureau concedes, as it must, that since the Appellant here was actually convicted for driving while his license was *suspended,* the maximum penalty the Bureau could impose is a 6 month revocation.

### PER CURIAM ORDER

The order of the Court of Common Pleas of Cumberland County, dated April 16, 1980, is modified to provide that the one year license revocation imposed by departmental notice dated December 3, 1979, is reduced to a suspension of six months, and, as thus modified, the order of the trial court is affirmed.