Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Robert A. Koch, Appellee.

Submitted on briefs December 9, 1985, to Judges DOYLE and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Robert A. Koch,* for himself, appellee.

OPINION BY JUDGE DOYLE, January 24, 1986:

This is an appeal by the Pennsylvania Department of Transportation (DOT) from an order of the Court of Common Pleas of Montgomery County which sustained the appeal of Robert A. Koch (Licensee) from the six month suspension of his operating privileges by DOT pursuant to Section 1532(b)(1) of the Vehicle Code, 75 Pa. C. S. §1532(b)(1).

On August 30, 1981 Licensee was cited for a violation of Section 3733 of the Vehicle Code, 75 Pa. C. S. §3733 (eluding a police officer). Licensee was found guilty on a date not of record but apparently soon after the incident and accordingly he was fined $200.00. Licensee, however, "forgot" about this fine until May of 1983 when he was notified that if he did not pay the fine he would be arrested. On September 30, 1983 Licensee paid the fine in full. Subsequently, on November 3, 1983, DOT notified Licensee that as the result of his conviction *on September 30, 1983* his operating privileges would be suspended for six months.

Licensee appealed to the court of common pleas alleging that there was undue delay in suspending his operating privileges. The trial court, finding that there was over a two year delay between "initial conviction" and suspension, agreed. Section 1532(b)(1) of the Vehicle Code provides in pertinent part:

[DOT] shall suspend the operating privilege of any driver for six months *upon receiving a certified record of the driver's conviction* of any offense under the following provisions:

. . .

Section 3733 (emphasis added).

Licensee did not pay his fine in full until September 30, 1983, and after that date the certification of conviction was sent to DOT. While Licensee argues that DOT did not prove it did *not* receive the notice until after Licensee paid his fine in full, we know of no law, nor has Licensee cited any, which would require DOT to prove such a negative. The citation itself, which is of record, discloses a conviction date of September 30, 1983. While the district justice may have been in error in utilizing the date of final payment as the conviction date, this matter is not subject to collateral attack in this Court. Thus, the fact remains that if the date certified to DOT as the conviction date is September 30, 1983, certification of that conviction to DOT could not possibly occur *prior to* that date.

DOT is chargeable only with delay occurring *after* it receives the notice of conviction. *Chappell v. Commonwealth*, 59 Pa. Commonwealth Ct. 504, 506, 430 A.2d 377, 379 (1981). Furthermore, DOT cannot possibly act to suspend a license pursuant to Section 1532 (b) until after it receives notice of the conviction. *See Department of Transportation, Bureau of Traffic Safety v. Parr*, 56 Pa. Commonwealth Ct. 203, 424 A.2d 604 (1981). Here DOT issued its notice of suspension only a few weeks after receiving the certification. It is therefore abundantly clear that any delay which exists is attributable either to Licensee himself for failure to pay the fine, or at least to the office of the district justice for failure to notify DOT of the conviction prior to the final payment.[1] As to the former,

---

[1] According to Licensee's undisputed testimony, District Justice Brady, who found him guilty, was later replaced (at an unspecified date) by District Justice Morgan who apparently certified the record to DOT. This changeover may have contributed to an administrative or clerical error.

that is Licensee's own fault and he cannot be permitted to benefit from his neglect. As to the latter, Judge ROGERS stated in *Chappell:*

> There is nothing in . . . the Vehicle Code, or reason which supports [Chappell's] contention that [DOT's] power, indeed duty, to suspend his license for drunken driving should be cancelled out by reason of a clerk of court's inattention to duty.

*Id.* at 506, 430 A.2d at 378-79. Although *Chappell* involved an underlying conviction for a different offense, *i.e.*, drunken driving, its logic is equally applicable to the instant case. The order of the trial court is reversed and the DOT suspension is reinstated.

### ORDER

Now, January 24, 1986, the order of the Court of Common Pleas of Montgomery County, No. 83-17908 is hereby reversed and the Department of Transportation's suspension is hereby reinstated.