506 A.2d 1349

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Ronald R. Russo, Appellee.

Submitted on briefs February 3, 1986, to Judges ROGERS and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Mark A. Primrose, Cramer & Swetz,* for appellee.

OPINION BY SENIOR JUDGE KALISH, March 27, 1986:

The Department of Transportation (Department) appeals a decision of the Court of Common Pleas of Monroe County which sustained Ronald R. Russo's appeal from a six month suspension of his driver's license. We reverse, and reinstate the suspension.

The Department suspended Russo's license for six months pursuant to section 1532(b) of the Vehicle Code (Code), 75 Pa. C. S. §1532(b). At the hearing in the Court of Common Pleas of Monroe County, it was established that the citation showed the date of the incident as August 10, 1980. The return by the District Justice recites that Russo was found guilty and that the date of conviction was June 1, 1981. The Justice testified at the hearing that the actual date of the hearing and conviction was November 26, 1980, and that in his opinion, since the fine imposed was to be paid in installments, the date of Russo's conviction is not the date on which he was found guilty but rather the day of his first payment.

Section 1532(b) of the Code, 75 Pa. C. S. §1532(b), provides that the Department of Transportation shall suspend the operating privileges of a driver for a period of six months upon receiving a certified copy of a driver's conviction of an offense under this section.

The trial judge sustained the appeal holding that "the Commonwealth failed to establish a date of conviction with sufficient certainty to conclude the records relating to appellant brought before us on that date were in proper form as required by law."

The Commonwealth contends that the trial judge was in error as a matter of law; that there is no contest as to the fact of conviction; and that the exact date of conviction and the delay in certification by the District Justice have no bearing on the validity of the conviction.

Our scope of review in a license suspension proceeding is to determine whether the findings of the court below are supported by competent evidence and whether errors of law have been committed. *Appeal of Capozzoli*, 63 Pa. Commonwealth Ct. 411, 437 A.2d 1340 (1981).

The only issue before the trial court was the fact of conviction. If the record establishes such a conviction, then the trial court has no discretion and must proceed with the mandate of the legislature to suspend the operator's driving license.

The record before the trial court is clear that the operator was found guilty on November 26, 1980 and on that date a fine was imposed. To be a conviction there must be a judgment of sentence. *American Bank v. Felder*, 59 Pa. Superior Ct. 166 (1915). The imposition of the sentence, consisting of a fine, was the judgment of sentence which was imposed on November 26, 1980. The fact that the payments are to be made periodically does not defer the conviction, as the Justice thought, until the first payment is made.

The Commonwealth is bound to prove a conviction. There was no question as to the fact of conviction even though "the records were not in proper form," as the Justice believed.

The notice of conviction was not forwarded until June, 1981 and suspension was five months later. This is not an unreasonable delay in view of the volume of citations handled by the Department. Furthermore, any delay is not chargeable to the Department until it is in receipt of the certificate of conviction. *Department of*

*Transportation, Bureau of Traffic Safety v. Parr*, 56 Pa. Commonwealth Ct. 203, 424 A.2d 604 (1981). Also, the Code does not require the Department to act "forthwith" as the former Vehicle Code had previously required. *Chappel v. Commonwealth*, 59 Pa. Commonwealth Ct. 504, 430 A.2d 377 (1981).

ORDER

Now, March 27, 1986, the order of the Court of Common Pleas of Monroe County, No. 3787 Civil 1981, dated February 1, 1982, is reversed. The six month suspension of Ronald R. Russo's operating privileges is reinstated.