518 A.2d 1

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* James Jude Urbasik, Appellee.

Submitted on briefs October 7, 1986, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Joseph D. Messina, Joseph D. Messina Law Offices, Inc.,* for appellee.

OPINION BY JUDGE DOYLE, November 5, 1986:

This is an appeal by the Department of Transportation (DOT) from an order of the Court of Common Pleas of Cambria County which reversed DOT's imposition of a six-month suspension of the operating privileges of James Jude Urbasik (Licensee). The suspension was issued pursuant to Section 1532(b)(2) of the Vehicle Code (Code), 75 Pa. C. S. §1532(b)(2), which provides that a person twice convicted of driving without a license in violation of Section 1501(a) of the Code, 75 Pa. C. S. §1501(a), shall receive a six month suspension.

Licensee was first convicted on April 23, 1982 of violating Section 1501(a) on April 10, 1982. Licensee also violated Section 1501(a) on April 1, 1982, but he was not convicted until March 26, 1984. It was upon receipt of the second notice of conviction that DOT, by letter dated May 16, 1984, notified Licensee that his operating privileges would be suspended for six months as of June 20, 1984.

Licensee appealed to the common pleas court which determined, *inter alia,* that "[p]roceedings were not in-

stituted within thirty (30) days after commission of the alleged offense" and that Licensee had been prejudiced by the delay.

The proceeding to which the trial court referred is the one governing summary offenses. *See* Section 5553(a) of the Judicial Code, 42 Pa. C. S. §5553(a). There is nothing in the record to indicate whether in fact these proceedings were timely; this is of no import, however, because the challenge to the timeliness of that proceeding constitutes a collateral attack to the underlying criminal conviction which we have repeatedly held is *not* properly attacked in a DOT license suspension action. *See, e.g., Department of Transportation, Bureau of Traffic Safety v. Valentine,* 71 Pa. Commonwealth Ct. 8, 453 A.2d 742 (1982).

Licensee's April 1 citation, which is of record, clearly indicates a conviction date of March 26, 1984. While this is admittedly a long period of time from the date of the incident, Licensee in his testimony indicated that he had paid his fine in installments. This would explain the delay in processing. Whatever the reason, however, we have previously held that DOT is chargeable for a delay only attributable to it and that it can not possibly act until it receives notice of the conviction. *Department of Transportation, Bureau of Traffic Safety v. Koch,* 94 Pa. Commonwealth Ct. 329, 503 A.2d 1026 (1986). Any delay here was based upon Licensee's failure to pay the fine to the District Justice and/or the District Justice's failure to certify the conviction to DOT. We have expressly stated that such delay is not chargeable to DOT. *Koch; Chappell v. Commonwealth,* 59 Pa. Commonwealth Ct. 504, 430 A.2d 377 (1981). In the instant case DOT acted approximately six weeks after receiving the certification of conviction. This does not constitute unreasonable delay. *See Koch* (five week delay not unreasonable); *Chappell* (four month delay not unreasonable).

It is clear that DOT is mandated under the language of Section 1532(b)(2)[1] to suspend the license of an individual who has twice violated Section 1501(a). Accordingly, the trial court in sustaining the appeal committed legal error.[2]

Reversed.

## ORDER

Now, November 5, 1986, the order of the Court of Common Pleas of Cambria County, No. 1984-1777, dated September 4, 1984 is reversed and the Department of Transportation's six month suspension is hereby reinstated.

---

[1] Section 1532(b)(2) provides in pertinent part:
The department *shall* suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of a subsequent offense under . . . Section 1501(a) (relating to driver's required to be licensed).
(Emphasis added).

[2] The trial court also determined that Licensee had been "severely prejudiced" by the delay in suspending his operating privileges. The record discloses that Licensee testified that approximately sixty percent of his job entailed driving. RR 13a. It is well settled, however, that the Secretary of DOT is *mandated* to suspend a license under Section 1532. *Schultz v. Department of Transportation*, 88 Pa. Commonwealth Ct. 43, 44 n.1, 488 A.2d 408, 409 n.1 (1985).