537 A.2d 896

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* David Laird, Appellee.

Submitted on briefs December 1, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *John L. Heaton,* Chief Counsel, for appellant.

*David Laird,* for himself.

OPINION BY JUDGE BLATT, February 9, 1988:

The Department of Transportation (DOT) appeals a decision of the Court of Common Pleas of Delaware County (trial court) which sustained the appeal of David Laird (appellee) from a six-month suspension of his operator's license for a violation of Section 1501(a) of the Vehicle Code (Code), 75 Pa. C. S. §1501(a) (drivers required to be licensed) as mandated by Section 1532(b) of the Code, 75 Pa. C. S. §1532(b).[1]

On May 20, 1984, the appellee was issued a citation for a violation of Section 1543 of the Code, 75 Pa. C. S. §1543 (driving while operating privileges suspended). On August 20, 1984, a hearing was held before a district justice. At this hearing, the Section 1543 citation was withdrawn and the appellee was issued a new citation for a violation of Section 1501(a) of the Code, 75 Pa. C. S. §1501(a). The Section 1501(a) citation was signed by both the district justice and the appellee. This citation also notes that the appellee was fined $200 and

---

[1] Section 1532(b) of the Code requires that an operator's license be suspended for six months upon a subsequent violation of Section 1501(a) of the Code. The appellee's certified driver's record indicates that the appellee had a prior Section 1501(a) violation dated February 15, 1980.

assessed court costs of $17.50 which were paid in full.[2] Subsequently, by letter dated August 31, 1984, the district justice requested DOT to return the Section 1543 citation to him because it had been withdrawn, and he substituted a Section 1501(a) citation for it. Acting upon the district justice's certification of the appellee's Section 1501(a) conviction, DOT then issued a six-month suspension of the appellee's operating privileges.

On appeal to the trial court, the appellee presented the testimony of Polly Ann Tool, the attorney who represented him before the district justice in this matter. Ms. Tool testified that the issuance of the citation for a Section 1501(a) violation was an error. She indicated that it was the understanding of all those present at the hearing before the district justice that a citation for violation of Section 1511 of the Code, 75 Pa. C. S. §1511 (carrying and exhibiting driver's license on demand) would be issued. And, inasmuch as a Section 1511 violation does not mandate a license suspension, DOT's suspension of the appellee's license was improper. The trial court sustained the appeal on the ground that the appellee was never convicted of a Section 1501(a) violation, but, rather, that the evidence presented indicated that the appellee pled guilty to a Section 1511 violation.

DOT contends here that the trial court was limited to a consideration of the appellee's certified record presented by DOT which indicated that the appellee had been convicted of a subsequent Section 1501(a) violation which, in turn, mandated the six month suspension. It argues, therefore, that the trial court erred as a matter of law when it considered the propriety of the appellee's criminal conviction in the subsequent civil suspension proceeding. We must agree.

---

[2] Conviction for a violation of Section 1501(a) mandates a $200 fine.

Our scope of review in a license suspension proceeding is to determine whether or not the findings of the court below are supported by competent evidence and whether errors of law have been committed. *Department of Transportation v. Russo*, 96 Pa. Commonwealth Ct. 187, 506 A.2d 1349 (1986).

It is clear that an appeal from a suspension of an operator's license is civil in nature. A reviewing court, therefore, may not consider any claimed procedural defects, or *errors* in the criminal proceeding, which formed the basis for the suspension. *Department of Transportation v. Lea*, 34 Pa. Commonwealth Ct. 310, 384 A.2d 269 (1978). Where, as here, the only issue before the trial court was the fact of conviction, and such conviction is established in the record, the trial court has no discretion and must proceed with the mandate of the legislature to suspend the operator's driving license. *Russo*, 96 Pa. Commonwealth Ct. at 189, 506 A.2d at 1350. The trial court, therefore, was in error and exceeded its scope of review when it sustained the appellee's appeal based upon an alleged error in the prior criminal proceeding.

Accordingly, we reverse the order of the trial court and reinstate DOT's suspension of the appellee's license.

### ORDER

AND NOW, this 9th day of February, 1988, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is reversed, and the Department of Transportation's suspension of the appellee's license is hereby reinstated.