539 A.2d 940

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Brian Monaghan, Appellee.

Submitted on briefs January 6, 1988, to Judges DOYLE AND MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *John L. Heaton,* Chief Counsel, for appellant.

*Eugene A. Bonner,* for appellee.

OPINION BY JUDGE MCGINLEY, April 6, 1988:

This is an appeal by the Pennsylvania Department of Transportation, Bureau of Driver Licensing (DOT) from an order of the Court of Common Pleas of Chester County which reversed DOT's imposition of a six-month suspension of the operating privileges of Brian T. Monaghan (Monaghan). DOT's action was based upon Section 1532(b)(2) of the Vehicle Code (Code), *as amended,* 75 Pa. C.S. §1532(b)(2), which provides that a person twice convicted of driving without a license in violation of Section 1501(a) of the Code, 75 Pa. C. S. §1501(a) shall receive a six-month suspension of his operating privileges. We reverse.

Monaghan was first cited for violating Section 1501(a) on June 15, 1982, and convicted on September 27, 1982. He was cited a second time on July 9, 1983, and convicted on May 30, 1984. Thus Monaghan was twice convicted and the official notice of suspension was dated and mailed September 4, 1984.

The trial court was dismayed at the delay between the date of the second citation, July 9, 1983, and the date of the Notice of Suspension, September 4, 1984. The trial court's dismay was compounded by the length of a previous suspension of Monaghan's license. Although this previous suspension was for six months it actually encompassed an eleven month period from June 29, 1983, until May 30, 1984. The trial court found that this eleven month period of suspension was the result of Monaghan's need to pay his fines in installments due to his poor financial situation. The trial court also

concluded that Monaghan was prejudiced by these delays because without his license he could not proceed with a business venture which required him to be licensed.

Our scope of review is to determine if the trial judge's findings are supported by competent evidence and to determine if there was an error of law. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982). We will review accordingly.

The trial court concluded that the previous unappealed conviction and six month suspension which resulted in Monaghan's being unlicensed for eleven months improperly delayed the conviction and suspension now on appeal. The trial court also found that DOT allowed more than thirteen months to elapse before notifying Monaghan of his suspension on September 4, 1984, effective October 8, 1984, as a result of the May 30, 1984, conviction for a July 9, 1983 violation. The trial court must be reversed.

DOT cannot act until it receives a certified record of the conviction. When an installment agreement for payment of a fine entered into between a motorist and a District Justice results in a delay because the District Justice does not certify the conviction to the Department before final payment, such delay is not chargeable to DOT. *Department of Transportation, Bureau of Driver Licensing v. Urbasik,* 101 Pa. Commonwealth Ct. 646, 518 A.2d 1 (1986). The date of conviction leading to suspension under appeal was May 30, 1984. On September 4, 1984, three months later, Monaghan was notified of suspension. This period of delay is not unreasonable.[1]

---

[1] This court has held that a five month delay between forwarding of notice of conviction to DOT and suspension of driver's license was not unreasonable delay in view of the volume of citations handled by DOT. *Department of Transportation v. Russo,* 96 Pa. Commonwealth Ct. 187, 506 A.2d 1349 (1986).

Finally, the trial court undertook a review of Monaghan's previous unappealed suspension and found that Monaghan should be given credit for the extra five months he was without a license. The trial court lacked authority to compute and give credit for this time. *Department of Transportation, Bureau of Traffic Safety v. Yarbinitz*, 97 Pa. Commonwealth Ct. 169, 508 A.2d 641 (1986). If Monaghan believes he is entitled to credit against the suspension for time DOT was in possession of his license pursuant to the prior suspension his recourse is to apply to DOT.

For the foregoing reasons, the suspension by DOT is reinstated.

### ORDER

Now, this 6th day of April, 1988, the Order of the Court of Common Pleas of Chester County, dated November 4, 1985, at No. 84-07126, is reversed and the suspension by the Department of Transportation is reinstated.