## Forelich v. PennDOT

*Frank M. O'Neill, deputy counsel-in-charge,* for PennDOT.

*Gerard J. Geiger,* for appellant.

O'BRIEN, *J.,* April 26, 1991—

### FINDINGS OF FACT

(1) On October 6, 1988, the Department of Transportation notified petitioner that as a result of his conviction on August 22, 1988 of violating section 6308 of the Criminal Code, his driving privileges were suspended for a period of 90 days.

(2) On April 20, 1989, petitioner was cited for a second violation of section 6308 of the Criminal Code.

(3) On August 30, 1989, Luzerne County District Justice Michael J. Collins approved petitioner for participation in the Alternative Adjudication Program. Petitioner satisfactorily completed the program on November 2, 1989.

(4) On December 11, 1990, District Justice Michael J. Collins filed a "report of a court ordering

the suspension of operating privileges" with the Department of Transportation.

(5) On February 7, 1991, the Department of Transportation notified petitioner that his driving privileges were being suspended for a period of one year.

(6) Petitioner is a junior at Wilkes College and has been a college student since the fall of 1988.

## DISCUSSION

The Criminal Code provides in pertinent part as follows:

"(a) *General rule*—Whenever a person is convicted or is adjudicated delinquent or is admitted to any preadjudication program for a violation of section . . . 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages). . ., the court . . . shall order the operating privilege of the person suspended. A copy of the order shall be transmitted to the Department of Transportation.

"(b) *Duration of suspension*—When the department suspends the operating privilege of a person under subsection (a), the duration of the suspension shall be as follows:

"(1) For a first offense, a period of 90 days from the date of suspension.

"(2) For a second offense, a period of one year from the date of suspension. . .." 18 Pa.C.S. §6310.4.

The facts in the case at bar establish the Department of Transportation's right to suspend petitioner's driving privileges for a period of one year.

In his petition for appeal, petitioner alleges that the inexcusable delay occurring between the date of the offense on April 20, 1989 and the notice of suspension on February 7, 1991 precludes the impo-

sition of the suspension at this time by the department. In support of his position, petitioner relies on the decision of our Commonwealth Court in *Commonwealth, Department of Transportation v. Rutkowski,* 46 Pa. Commw. 64, 406 A.2d 248 (1979). In that case, a year elapsed between the notification to the department of the conviction triggering the suspension and the imposition of the suspension by the department. The trial judge found that the driver established sufficient prejudice resulting from the delay to preclude the imposition of the suspension. In that case, the prejudice shown pertained to the change of permanent employment plans on the part of the driver. In the case at bar, no such prejudice has been shown by petitioner. In fact, he was a college student throughout the period involved in the events leading to his suspension. Therefore, the general rule applies that absent a showing of prejudice, the mere passage of time between the petitioner's conviction and the suspension of his operating privileges is not sufficient justification to set aside the action of the Department of Transportation. *Department of Transportation, Bureau of Traffic Safety v. Lea,* 34 Pa. Commw. 310, 384 A.2d 269 (1978).

## CONCLUSIONS OF LAW

(1) The one-year suspension of petitioner's driving privileges is mandated as a consequence of his second conviction of violating section 6308 of the Criminal Code.

(2) The delay occurring between the 1989 disposition of the charge against petitioner and the December 11, 1990 notification to the Department of Transportation is not chargeable to the department.

*Chappel v. Commonwealth, Department of Transportation,* 59 Pa. Commw. 504, 430 A.2d 377 (1981).

(3) Petitioner has failed to establish sufficient showing of prejudice resulting from the delay in notification of the suspension of his operating privileges.

## ORDER

And now, April 26, 1991, the appeal of Michael H. Forelich from the order of the Department of Transportation dated February 7, 1991 suspending his operating privileges for a period of one year is denied and the supersedeas heretofore entered is terminated.