Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Bradley G. Ermisch, Appellee.

Submitted on briefs November 15, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Robert Freeman,* with him *Edward M. Pulaski* and *Terrance J. Herron,* for appellee.

OPINION BY JUDGE CRAIG, January 19, 1983:

The Pennsylvania Department of Transportation (DOT) has appealed an order of the Court of Common Pleas of Luzerne County which sustained an appeal by Bradley G. Ermisch and set aside a driver's license revocation order issued by DOT.

After receipt of a certification, from the Lebanon County Clerk of Courts, of a misdemeanor conviction of Ermisch, for homicide by vehicle, DOT imposed a one-year revocation of Ermisch's driving privileges, as mandated by Section 1532(a)(3) of The Vehicle Code.[1]

___

[1] 75 Pa. C. S. §1532(a)(3).

The common pleas court set aside the revocation on the ground that the DOT's delay in acting upon the certification was prejudicial to Ermisch.[2]

In appealing the lower court's decision, the Commonwealth has raised two issues: (1) whether Ermisch's appeal to the trial court was timely under Section 5571(b) of the Judicial Code;[3] and (2) whether the trial court erred in setting aside Ermisch's license revocation due to a finding of prejudice.

We cannot reach the second issue.[4] DOT mailed its notice to Ermisch on April 25, 1980, and Ermisch filed his appeal on May 29, 1980. Because the last day to appeal was Monday, May 26, 1980,[5] we conclude that Ermisch's appeal was not timely and that the Court of Common Pleas of Luzerne County hence had no jurisdiction to sustain Ermisch's appeal and

---

[2] The common pleas court acknowledged that a time delay alone, without a showing of prejudice to the motorist as a result of the delay, was not sufficient to set aside a revocation. However, loss of employment opportunity, as claimed here, can constitute prejudice. *Department of Transportation, Bureau of Traffic Safety v. Rutkowski*, 46 Pa. Commonwealth Ct. 64, 406 A.2d 248 (1979).

[3] According to 42 Pa. C. S. §5571(b), "an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken. . . ." As 42 Pa. C. S. §5572 provides, "[t]he date of service of an order of a government unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of entry of the order for purposes of this subchapter."

[4] The issue of the timeliness of Ermisch's appeal to the trial court is properly before us even though not raised until now. *Department of Transportation, Bureau of Traffic Safety v. Forte*, 29 Pa. Commonwealth Ct. 415, 371 A.2d 526 (1977).

[5] Under 1 Pa. C. S. §1908, when the last day of a time period construing a statute falls on a Saturday or Sunday, that day shall be omitted from computation. In this case, Section 1908 operates to move the final day from Sunday to Monday.

set aside his license revocation. Therefore, we must reverse the trial court and reinstate DOT's revocation of the driving privileges.

### ORDER

Now, January 19, 1983, the order of the Court of Common Pleas of Luzerne County, dated June 30, 1980, is reversed, and the revocation of the driving privileges of Bradley G. Ermisch is reinstated.