## Gollner v. PennDOT

*Dale Aaron Cable, assistant counsel, Office of the Attorney General,* for the commonwealth.

*Robert J. Tesone,* for petitioner.

ACKER, *P.J.,* January 15, 1986—This is an appeal by petitioner of a suspension of his driving privileges for six months as a result of a conviction of driving while under the influence of intoxicating beverages that occurred in 1980, and an additional suspension of 15 days for a violation of section 3306(a)(2) [75 Pa.C.S. §3306] — driving to the left

of the roadway when approaching within 100 feet of or traversing any intersection or railroad crossing. The latter conviction occurred on February 11, 1984.

Testimony was taken from which this court concludes the following.

## FINDINGS OF FACT

(1) Prior to moving to Nevada in 1971 petitioner was a resident of the city of Sharon, Pa., and the owner of a Pennsylvania driver's license.

(2) Upon moving to Nevada and applying for a Nevada driver's license, petitioner surrendered his Pennsylvania driver's license to the Nevada authorities.

(3) Petitioner remained in Nevada for several years and obtained a Nevada driver's license.

(4) When petitioner returned east, he took up residence in Masury, Trumbull County, Ohio, and obtained a valid Ohio driver's license. He surrendered his Nevada driver's license to the Ohio authorities.

(5) He returned to reside in Pennsylvania either in 1975 or 1976 when he applied for a Pennsylvania driver's license and received one with a number of 18946603. He surrendered his Ohio driver's license to the Pennsylvania authorities.

(6) Following his initial residence at 317 Wick Avenue, Hermitage, Pa., petitioner moved to 422 Mercer Avenue, in the city of Farrell.

(7) Petitioner had worked at Valley Pontiac in Warren, Ohio. He left that employment to take employment at Wheatland Tube in Mercer County where he worked for several years until he was laid off in September 1982 and has not returned.

(8) October 14, 1979, petitioner was charged with driving while under the influence of intoxicating

beverages in violation of 75 Pa.C.S. §3731. At the time of his arrest he displayed his Pennsylvania operator's license no. 18946603 to the police officer.

(9) Petitioner came for trial and was convicted by a jury on February 15, 1980. This conviction was certified by the Clerk of Courts in Mercer County through the Department of Transportation at Harrisburg. Upon the certification petitioner's address was listed as Masury, Ohio.

(10) Petitioner was sentenced by the Court of Common Pleas of Mercer County, on April 1, 1980, to pay the costs and to undergo probation for a period of one year.

(11) Petitioner received an official notification from the Pennsylvania Department of Transportation dated July 7, 1980, referring to operator's license no. 13828567, and petitioner's former address, Mary Street, city of Sharon, Mercer County, Pa.

(12) Petitioner was directed to turn in his current operator's license not later than August 8, 1980.

(13) Petitioner followed the instructions and submitted his current Pennsylvania operator's license no. 18946603 to PennDOT.

(14) Approximately three weeks later, petitioner's operator's license no. 18946603 was returned to him by PennDOT.

(15) Upon the return of his license, petitioner contacted the Mercer barracks of Pennsylvania State Police and inquired as to why his license was returned. He was informed that the records indicated that operator license no. 18946603 was not under suspension.

(16) Petitioner also called by telephone to the PennDOT office in Harrisburg and was advised that his motor vehicle operating privileges were not suspended in the Pennsylvania.

(17) Thereafter petitioner continued to operate his vehicle without further advice or information of the suspension of his license in the commonwealth. His operator's license was renewed by PennDOT subsequent thereto.

(18) On February 11, 1984, petitioner was cited for improper passing at an intersection. At this time petitioner's name, address and date of birth were correctly stated as well as his current operator's license no. 18946603.

(19) For the above violation, petitioner was assigned three points upon his driving record which was processed on March 28, 1984.

(20) Petitioner received notice of an assessment of three points on March 28, 1984. He received a subsequent notice of June 3, 1985, concerning his February 15, 1980, license suspension for driving while under the influence of intoxicating beverages referring to his current operator's license no. 18946603.

(21) Petitioner obtained new employment with Valley Pontiac as an automobile salesman on March 19, 1984, located in Howland, Trumbull County, Ohio, approximately 25 miles from his home in the city of Hermitage. If petitioner loses his operating privileges, he will lose his employment.

(22) Petitioner continues to reside in the city of Hermitage so he can be near his minor daughter who resides with her mother.

(23) From these suspensions petitioner has filed this appeal.

Upon these facts this matter must be decided.

## DISCUSSION

A state may constitutionally enact a system whereby points are assessed with respect to motor vehicle infractions and specific point totals used as a

basis of the operator's license suspension, but the administration of such system must meet appropriate standards of due process. This is so even if an operator's license is denominated as a privilege. It cannot be taken away by state action which fails to comply with requirements of due process. *Reese v. Kassab*, 334 F. Supp. 744 (W.D. Pa., 1971); *Bell v. Burson*, 420 U.S. 513, 91 S.Ct. 1586 (1971).

PennDOT by brief notes that the three points assigned on March 28, 1984, due to an illegal pass was not subject to any type of suspension because of the accumulation of three points to petitioner's driving record. Rather, he was subject to suspension under section 1544 of the Motor Vehicle Code for driving while under suspension when the Department of Transportation discovered that his license numbers 13828567 and 18946603 were one and the same, and that under neither license had Mr. Gollner's operating privileges been suspended for the conviction of driving while under the influence in 1980.

It is claimed that the fault lies with Mr. Gollner and not PennDOT. This conclusion is based on the assumption that Mr. Gollner was unworthy of belief when he testified to surrendering his Pennsylvania license when he resided in Nevada. PennDOT acknowledges that it is a question of credibility. Finding of Fact 2 of this adjudication concludes that petitioner, Gollner, did surrender his Pennsylvania license. Finding of Fact 4 concludes that petitioner submitted his Nevada license to the Ohio authorities. Finally, Finding of Fact 5 concludes petitioner, Gollner, submitted his Ohio driver's license to the Pennsylvania authorities when he moved back into Pennsylvania.

The commonwealth is only required to establish its case by a fair preponderance of the evidence. *De-*

*partment of Transportation v. Goldman,* 86 Pa. Commw. 14, 482 A.2d 1383 (1984). The issue is whether the Department of Transportation has acted as required by statute. *Department of Transportation v. Lea,* 34 Pa. Commw. 310, 384 A.2d 269 (1978).

Upon the suspension of operating privileges of any person by the department, it is the obligation of the department to forthwith notify the person in writing to surrender his driver's license to the department for the term of the suspension. [75 Pa. C.S. §1540(b)]. This was done. The current license of petitioner was surrendered and it was shortly returned followed by reasonable efforts by petitioner to determine why it was returned and whether his license privileges in fact continued to be suspended. He discovered that they were not.

It is true that the mere passage of time in itself is inadequate to show prejudice and that prejudice must be shown to avoid a mandatory license suspension.

The rule is that, "It is well settled that an action by PennDOT upon an operator's privileges may be vacated when administrative delay between a conviction and revocation causes the operator to believe that his privileges will not be impaired and to change his circumstances to his detriment." *Commonwealth, Department of Transportation v. Lyons,* 70 Pa. Commw. 604, 453 A.2d 730 (1982); *Commonwealth, Department of Transportation v. Ermisch,* 71 Pa. Commw. 277, 454 A.2d 1174 (1983).

Defendant's conviction and suspension of operating privileges is not sufficient justification to set aside the action of the bureau. Time is never construed as an arbitrary period through which prejudice can be assumed. *Jones v. Commonwealth,* 67

Pa. Commw. 429, 447 A.2d 694 (1982).

In the instant case, petitioner took employment in Ohio which requires a valid driver's license, but remained in Pennsylvania to be near his daughter requiring him to drive many miles per day. This occurred nearly four years after he was notified that his operating privileges were not suspended.

We conclude that this was an adequate period and sufficient change of position to require a reversal of his suspension. In *Commonwealth, Department of Transportation v. Rutkowski*, 46 Pa. Commw. 64, 406 A.2d 248 (1979), more than a year passed from the time of conviction until petitioner passed up an opportunity to change his employment closer to his home but did not do so relying upon the administrative delay. In *Department of Transportation v. Hosek*, 3 Pa. Commw. 580, 284 A.2d 524 (1971), there was a delay of 16 months combined with petitioner changing jobs to become a truck driver.

It must be noted that in addition to the delay of five years in notifying petitioner that his license is still suspended according to the records of the department, there is no explanation by PennDOT why it has taken a year and a half after the assessment of three points for an illegal pass to discover that petitioner's license is suspended by its records. We conclude that PennDOT's efforts to suspend petitioner's operating privileges an additional 15 days for the February 11, 1984, infraction must also be reversed. In fact, petitioner was not under any valid suspension order at the time of the improper passing violation of February 11, 1984. If the license suspension of 15 days is claimed to be as a result of the accumulation of three points, contrary to the position of the commonwealth at the time of the hearing, the commonwealth has failed to comply with

section 1551 of the Motor Vehicle Code [75 Pa. C.S. §1551]. This statute requires not only that each person whose license is to be suspended shall be promptly notified, but that notification must be made within six months following the conviction. Failure of the department to give prompt notice of the suspension as required by this section prohibits the department from suspending the license.

Wherefore, we must conclude that petitioner's driving privileges must not be suspended.

Hence, this order.

## ORDER

And now, this January 15, 1986, it is hereby ordered and decreed that the suspension of the driving privileges of William J. Gollner of six months for a violation of section 3731 of the Motor Vehicle Code on October 14, 1979, and the suspension of the driving privileges of petitioner for a period of 15 days for a violation of section 3306A(2) of the Vehicle Code on February 11, 1984, are both reversed.