538 A.2d 141

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Jonathan Phillip Pineno, Appellee.

Submitted on briefs December 14, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *John L. Heaton,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY SENIOR JUDGE BARBIERI, February 26, 1988:

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals an order of the Luzerne County Court of Common Pleas reducing the suspension of Appellee's operating privilege from one year to one hundred and ninety-five days.

By notice dated September 17, 1985, DOT notified Appellee that his operating privilege was being suspended for one year effective October 22, 1985, due to an accumulation of points assessed for violations of the

Vehicle Code (Code).[1] Section 1539(b) of the Code 75 Pa. C. S. §1539(b), provides that a driver's first suspension for accumulation of points shall be five days per point. The second suspension shall be for ten days per point and the third suspension for fifteen days per point. Any subsequent suspension shall be for one year. Prior to the September 17, 1985, suspension, Appellee's operating privilege had been suspended three times. Appellee's license was suspended as of December 26, 1980, for fifty-five days, for violations of Sections 3112 (traffic-control signals) and 3362 (exceeding maximum speed) of the Code[2]. Appellee's license was again suspended as of August 26, 1981, for fifteen days for an accumulation of points for violation of Section 3362 and on November 23, 1983, for thirty days for an accumulation of points for violations of Sections 3112 and 3362 of the Code.

After the third suspension, Appellee's operating privilege was restored. At that time, pursuant to Section 1545 of the Code, 75 Pa. C. S. §1545, Appellee had a total of five points. As he was not convicted of any offenses for one year, three points were removed as of February 24, 1984. Appellee was convicted of violating Section 3323 (stop signs and yield signs) of the Code on May 18, 1984, and received an additional three points bringing the total to five. Appellee was convicted of violating Section 3362 of the Code on July 19, 1984, and received five more points. Appellee was again convicted of violating Section 3362 on July 7, 1985, and received three points. This brought the total points accumulated to thirteen and resulted in the notice of suspension dated September 17, 1985.

---

[1] 75 Pa. C. S. §§101-9910.

[2] 75 Pa. C. S. §§3112 and 3362. Appellee's license was suspended for an additional ten days as of February 3, 1981, for a subsequent violation of Section 3362.

Appellee filed an appeal from the one year suspension of his operating privilege imposed by DOT with the lower court on October 21, 1985, thirty-four days after the date of mailing of the official notice of suspension.

DOT challenged the court's jurisdiction at the hearing below by claiming the appeal was untimely but the lower court failed to rule on this issue. Instead the lower court held that pursuant to Section 1535 of the Code,[3] the suspension of August 26, 1981, was null and void as two points accumulated prior to the suspension were assessed more than six months after the date of the conviction. Therefore, the lower court held that the suspension of September 17, 1985, was Appellee's third rather than fourth suspension, requiring only a one hundred and ninety-five day suspension.[4]

On appeal DOT contends that the appeal to the lower court was untimely and therefore the court was without jurisdiction to hear it. DOT also argues that since Appellee failed to appeal the August 26, 1981, suspension he cannot challenge it by way of an appeal from a subsequent suspension and therefore the lower court erred in considering its validity.[5]

Pursuant to Section 1550(a) of the Code, 75 Pa. C. S. §1550(a), motorists have a statutory right to appeal a suspension of their operating privilege. Sections 5571(b) and 5572 of the Judicial Code, 42 Pa. C. S. §§5571(b) and 5572 provide that appeals from a governmental unit must be commenced within thirty days after entry of the order and that if service is made by mail, the date of

---

[3] 75 Pa. C. S. §1535.

[4] Pursuant to Section 1539(b) of the Code, Appellee would receive a suspension period of fifteen days for each of thirteen points.

[5] After failing to file a brief with this Court within the time allowed, Appellee was precluded from doing so by order of December 14, 1987.

the entry of the order shall be deemed to be the date of mailing. Accordingly, an appeal of DOT's suspension of an operating privilege must be filed within thirty days of the mailing date of the notice of suspension. Here, Appellee's petition was untimely and therefore the lower court lacked jurisdiction to entertain it. *Windrick v. Commonwealth,* 80 Pa. Commonwealth Ct. 401, 471 A.2d 924 (1984). *Department of Transportation, Bureau of Traffic Safety v. Ermisch,* 71 Pa. Commonwealth Ct. 277, 454 A.2d 1174 (1983).

Accordingly, the order of the lower court is reversed and the three hundred and sixty-five day suspension imposed by DOT is reinstated. We are unable to determine from the record whether Appellee surrendered his driver's license pursuant to the lower court's order. If so, he shall be given credit for such time to be applied against the one year suspension.

## ORDER

AND NOW, this 26th day of February, 1988, the order of the Court of Common Pleas of Luzerne County, at No. 4518-C of 1985, dated June 19, 1986, is reversed and the three hundred and sixty-five day suspension of the operating privilege of Jonathan Phillip Pineno is hereby reinstated with credit to be given for any time said Appellee has surrendered his driver's license to the Department of Transportation, Bureau of Driver Licensing in compliance with the aforementioned order of the lower court.