636 A.2d 1225

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF TRAFFIC SAFETY, Appellant,

v.

Zszislaw WARENCZUK, Appellee.

Commonwealth Court of Pennsylvania.

Submitted Aug. 23, 1991.

Decided Nov. 21, 1991.

Publication Ordered Jan. 27, 1994.

Frank M. O'Neill and Timothy P. Wile, for appellant.

Wieslaw T. Niemoczynski, for appellee.

Before PALLADINO and KELLEY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

The Pennsylvania Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Monroe County (trial court) sustaining the appeal of the suspension of the driver's license of Zszislaw Warenczuk (licensee) for one year pursuant to Section 1547 of the Vehicle Code[1]. The order of the Court of Common Pleas is reversed.

On May 24, 1990, the licensee was arrested and charged with driving under the influence. Upon the licensee's failure to complete the breathalyzer test, a report of refusal was forwarded to DOT. DOT subsequently suspended the licensee's operating privileges and mailed to the licensee an official notice of suspension, containing on its face a mail date of June 8, 1990. On October 8, 1990, the police confiscated the licensee's driver's license as the result of another traffic stop. The licensee filed his appeal to the license suspension on October 15, 1990. The trial court denied DOT's motion to quash the licensee's appeal as untimely and sustained the appeal. DOT's appeal followed.

On appeal[2], DOT raises two issues. First, it argues that the trial court erred by concluding that the licensee's appeal was not untimely because DOT failed to establish that the notice of suspension, dated June 8, 1990, was mailed to the licensee. Second, it argues there is insufficient evidence to support the finding that the licensee's refusal to submit to chemical testing was not knowing and conscious because of the licensee's inability to understand the English language. Because we believe the licensee's appeal was untimely, we need not reach the second issue.

1. 75 Pa.C.S. § 1547(b) provides in part that if any person placed under arrest for driving under the influence is requested to submit to chemical testing and refuses to do so, DOT shall suspend the operating privilege of the person for a period of twelve months.

2. This court's scope of review on appeal is narrow. We are bound by the trial court's findings of fact unless they are not supported by substantial evidence or constitute an error of law. *Dep't of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

■ An appeal from a suspension of a driver's operating privilege must be filed with the common pleas court within thirty days of the entry of the order of suspension. 42 Pa.C.S. § 5571(b) of the Judicial Code. Where service of the order is by mail, the date of entry of the order is the date of mailing. 42 Pa.C.S. 5572. If an appeal is filed beyond the statutory thirty day period, the trial court is without subject matter jurisdiction. *Dep't of Transp., Bureau of Driver Licensing v. Pineno*, 114 Pa.Commonwealth Ct. 102, 538 A.2d 141 (1988).

■ DOT bears the burden of producing evidence of the fact of mailing. *Dep't of Transp., Bureau of Driver Licensing v. Gross*, 115 Pa.Commonwealth Ct. 384, 540 A.2d 343 (1988). Once the fact of mailing is established, a presumption arises that the mailed notice was in fact received. *Dep't of Transp., Bureau of Driver Licensing v. Whitney*, 133 Pa.Commonwealth Ct. 437, 575 A.2d 978 (1990). This presumption is not rebutted by a mere denial of receipt. *Dep't of Transp. v. Brayman Constr. Corp.–Bracken Constr. Co.*, 99 Pa.Commonwealth Ct. 373, 513 A.2d 562 (1986).

■ DOT offered into evidence a certified[3] copy of the notice of suspension containing on its face the notation "Mail Date: June 08, 1990." A certification of a record showing that notice was given is evidence of the fact that notice was sent. *Dep't of Transp., Bureau of Driver Licensing v. Petrucelli*, 117 Pa.Commonwealth Ct. 163, 543 A.2d 213 (1988). A bare certification of notice offered instead of a certified copy of an original notice letter, *see Petrucelli*, or a certified copy of an actual notice letter containing no mailing date, *see Department of Transportation, Bureau of Traffic Safety v. Suchko*, 92 Pa.Commonwealth Ct. 520, 499 A.2d 738 (1985), is insufficient to establish the date of notice. Here, however, by offering into evidence the certified copy of the actual notice containing on its face the notation "Mail Date: June 08, 1990," DOT met its burden of producing evidence to support the fact of mailing on June 8, 1990.

3. Pa.R.C.P. 1024(c)(2).

The record indicates that the licensee filed his appeal on October 15, 1990, clearly beyond the thirty day statutory limit for appeals. The trial court was, therefore, without jurisdiction to rescind the suspension of the licensee's operating privileges.

Accordingly, we reverse and reinstate the suspension of the licensee's operating privileges for one year.

## ORDER

AND NOW, this 21st day of November, 1991, the decision of the Court of Common Pleas of Monroe County in the above-captioned matter is hereby reversed.

KELLEY, Judge, dissenting.

I respectfully dissent.

The trial court accepted the licensee's testimony that he did not receive the notice of the suspension. The majority holds that the appeal was untimely by stating that the presumption that a mailed notice was received cannot be rebutted by merely denying its reception. The case cited by the majority to support this proposition, *Department of Transportation v. Brayman Construction Corp.—Bracken Construction Co.,* 99 Pa.Commonwealth Ct. 373, 513 A.2d 562 (1986), has to do with the "mailbox rule" as applied in contract law, as do the Supreme Court cases on which that case relies. *Brayman* involved a question of whether DOT had sent a letter to a contractor approving the drawings of a subcontractor. The subcontractor claimed that it had incurred increased costs as a result of DOT's delay in approving the drawings because it had to perform its work after the stretch of highway involved had been opened to traffic.

*Brayman* cites *Meierdierck v. Miller,* 394 Pa. 484, 147 A.2d 406 (1959), in which the issue was whether an insured had properly notified his insurer of an accident as required by his policy. The trial court had charged the jury that they must find that notice was mailed *and* received to find for the insured. The Court held as follows:

In this type of insurance contract the requirement that written notice be given implies the use of the mails in forwarding the notice. The responsibility of the assured and the responsibility of an offeree tendering an acceptance are similar. Where the use of the mails as a means of acceptance is authorized or implied from the surrounding circumstances, the acceptance is complete by posting the letter in normal mail channels, without more. Restatement, Contracts § 66; I Williston, Contracts § 83 (3d ed. 1957). See also *Cosgrove v. Woodward*, 49 Pa.Superior Ct. 228 (1912). There is no requirement of receipt unless expressly provided for. Therefore, when the court charged that the jury must find both posting and receipt error was made. Clearly, the assured was not required to convince the jury by a fair preponderance of the evidence that receipt had been accomplished.

*Meierdierck*, 394 Pa. at 487–88, 147 A.2d at 408.

These cases clearly apply this principle only to contracts, and they do not support the proposition that a licensee cannot prove that he did not receive notice by so testifying. Furthermore, I do not believe it is proper to apply this principle in this context since there are due process considerations in licensing notices which do not exist in a contract dispute. I also wonder how a licensee is supposed to prove that he did not receive notice of the suspension, except by his own testimony.

As to the merits, DOT attempts to distinguish this case from other cases where a licensee could not understand the implied consent warnings given to him in English. I have reviewed the licensee's testimony which clearly shows his limited understanding of the English language. I believe the trial court properly exercised its fact-finding function, finding substantial evidence in determining that the licensee did not make a knowing and conscious refusal because he did not fully understand the implied consent warning.