633 A.2d 1167

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF TRAFFIC SAFETY, Appellee,**

v.

**Zdzislaw WARENCZUK, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 6, 1993.

Decided Nov. 18, 1993.

Reargument Denied Dec. 27, 1993.

Wieslaw T. Niemoczynski, Stroudsburg, for Z. Warenczuk.

John L. Heaton, Harrisburg, Harold H. Cramer, Philadelphia, Timothy P. Wile, Harrisburg, for PennDot.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## *ORDER*

PER CURIAM.

**AND NOW,** this 18th day of **NOVEMBER,** 1993, the court being equally divided, the order of the Commonwealth Court is hereby affirmed.

MONTEMURO, J., files an Opinion in Support of Affirmance, joined by NIX, C.J., and PAPADAKOS, J.

PAPADAKOS, J., files an Opinion in Support of Affirmance.

FLAHERTY, J., files an Opinion in Support of Reversal, joined by ZAPPALA and CAPPY, JJ.

Prior Report: 530 Pa. 634, 606 A.2d 903.

## *OPINION IN SUPPORT OF AFFIRMANCE*

MONTEMURO, Justice.

This case, as the Opinion in Support of Reversal points out, questions the adequacy of regular first class mail as the method used to direct a notice of driver's license suspension where receipt of the notice is denied by the suspendee.

It should first be noted that the receipt or otherwise of license suspension notices is a theme which, with variations,

repeats itself regularly. See *Commonwealth v. Kane*, 460 Pa. 582, 333 A.2d 925 (1975); *Commonwealth v. Heckman*, 404 Pa.Super. 335, 590 A.2d 1261 (1991); *Commonwealth v. Martin*, 346 Pa.Super. 129, 499 A.2d 344 (1985); *Commonwealth v. Burkett*, 300 Pa.Super. 72, 445 A.2d 1304 (1982). As the Opinion in Support of Reversal correctly points out, reasonable efforts must be made by PENNDOT to notify the driver of the action taken in removing his or her licensure. However, while it is admitted that what is reasonable may vary from case to case, the conclusion is drawn that by using first class mail delivery to serve notice, the department failed to act "reasonably" in this instance.

That conclusion by the Opinion in Support of Reversal is extended no further than this case because appellant's most recent address was available. The operative assumption here is that had certified mail been employed to serve notice, the unclaimed return receipt would have alerted the department, and a search for further information could have been conducted. However, the availability of appellant's address information was serendipitous, due only to appellant's arrest, since he himself, in violation of a specific statutory directive, failed to inform the department of his whereabouts. Further, the department violated no precept of ours by using first class mail, since there is no authoritative definition of the requirements for acting reasonably to serve notice of license suspension, "no statute, no regulation and no rule of court which requires it or any other governmental unit to serve its orders by certified mail." (Opinion in Support of Reversal at 7.) Therefore, even though in this case the lack of return receipt might have made the department aware that the notice was not received so that other action could be taken, the department, unlike appellant, was under no specific obligation to do otherwise than it did. Moreover, the Opinion in Support of Reversal fails to explain how the department was to know beforehand that its efforts would be unreasonable. Nor is it explained whether the same steps taken by the department would have been unreasonable had appellant's new address been unavailable.

In *Commonwealth v. McDonough,* 533 Pa. 283, 621 A.2d 569 (1993), the appellant also failed to supply the department with a changed address. The argument raised there, that the appellant was responsible for her difficulties with receipt of notice due to her own dereliction, is repeated here, and countered by the Opinion in Support of Reversal with a citation to *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). However, no amount of insistence on the importance of a driver's license, whether its possession is termed a right or a privilege, can cure the inability of any form of notice to reach a suspendee whose whereabouts are unknown. Rights and privileges, however essential, must be given some measure of protection by those who hold them, or they are lost. Fulfillment of a statutory duty to apprise the department of a change of address is not so onerous a protective measure for the right or privilege of driving that it cannot be required, especially of "prudent, law-abiding citizens," *McDonough* at 291, 621 A.2d at 574 (Flaherty, J., Opinion in Support of Reversal).

The Opinion in Support of Reversal would have this case returned to the Commonwealth Court for the imprimatur of unreasonableness to be stamped upon the department's actions. Such a course would only reward appellant for his failure to comply with the law. The department is given no mandate for change, and the pattern may repeat itself at any time since exactly nothing will have been altered.

Given the repetitive nature of the problem involved here, maintenance of the status quo is objectionable, hence this Opinion in Support of Affirmance.

NIX, C.J., and PAPADAKOS, J., join this Opinion in Support of Affirmance.

### *OPINION IN SUPPORT OF AFFIRMANCE*

PAPADAKOS, Justice.

I dissent and would affirm the order of the Commonwealth Court.

Although I agree with the majority that to suspend an important right or privilege such as that at issue in this case, the Commonwealth must take action reasonably calculated to insure that the party whose license is to be suspended actually receives notice of the suspension. The current statutory scheme which allows for notice of suspension of driving privileges to be sent by first-class mail to the motorist's last known address is sufficient to protect an individual's due process rights.

The burden of establishing notice is upon the Commonwealth; the burden of keeping the Department of Transportation informed of a motorist's current address statutorily rests squarely upon the motorist. This charge is imposed on drivers pursuant to 75 Pa.C.S. § 1515 and appears in the driver's manual which all applicants for drivers' licenses in Pennsylvania review and are tested as a prerequisite to being issued a driver's license.

Thus, where the Department of Transportation has sent a notice of suspension to a party's last reported address and the party does not receive the notice because the party has failed to notify the Department of a change of address pursuant to 75 Pa.C.S. § 1515, that party is precluded from relying on the excuse of insufficient notice.

If any additional burden is to be imposed upon the Department, such as using certified mail or conducting an independent search, such obligation should be imposed by the legislature which, in the long run, will have to fund the increased expenditures involved in such a scheme.

## OPINION IN SUPPORT OF REVERSAL

FLAHERTY, Justice.

The question presented in this case is whether service of a driver's license suspension notice is valid when it is made by regular first class mail to the last known address of the driver when the driver asserts that he did not receive the notice.

The facts of the case are as follows: Warenczuk was stopped by a state policeman on May 24, 1990 for driving erratically, whereupon the officer noted a strong odor of alcohol on his person. Because Warenczuk appeared to speak Polish only, the officer took him to the state police barracks without administering field sobriety tests. Although the officer had Warenczuk sign a waiver of Miranda rights form, he noted on the form that Warenczuk "does not understand." The officer also explained the Implied Consent Law to Warenczuk, but was unable to get him to perform the breathalyzer test successfully. Thereafter, the officer submitted a report of refusal to submit to the test to the Department of Transportation (DOT).

DOT prepared an "Official Notice" which indicates on its face that the notice was mailed on June 8, 1990 to Warenczuk. This notice stated that Warenczuk's driving privileges were suspended for one year pursuant to 75 Pa.C.S. § 1547[1] because of his refusal to take the breath test. Warenczuk claims never to have received this notice as it was mailed to a previous address, and he admits that he did not update his address with DOT as he was statutorily required to do.

On October 8, 1990, the Pocono Township Police stopped Warenczuk in an unrelated matter and confiscated his driver's license because it had been suspended by DOT. On October 15, 1990, Warenczuk was sentenced on the drunk driving charge to accelerated rehabilitative disposition and a ninety day license suspension.

Also on October 15, 1990, Warenczuk filed an appeal from the June 8, 1990 notice of suspension with the Court of Common Pleas of Monroe County. At the January 30, 1991 hearing on his appeal, the court found that Warenczuk did not

---

1. Section 1547, in pertinent part, provides:
   (b) suspension for refusal.—
      (1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

make a knowing and conscious refusal to take the breath test because of his difficulty with English.

The Commonwealth claimed, however, that Warenczuk's appeal was barred because it was not filed within thirty days of entry of the order of suspension by DOT, citing 42 Pa.C.S. § 5571(b) and 5572.[2] The trial court held, however, that there was no evidence of record that the notice was mailed in the usual course of business or received by Warenczuk. The trial court acknowledged that there is no statutory requirement that DOT send its notices by certified mail or by other mail which evidences receipt, but it observed that appellate courts have held that a driver's license cannot be revoked without procedural due process, citing *Brewster v. Department of Transportation*, 94 Pa.Cmwlth. 277, 503 A.2d 497 (1986). It concluded, therefore, that the Commonwealth failed to establish that Warenczuk's appeal was untimely filed.

DOT appealed to Commonwealth Court, raising two issues. The first was whether the trial court was in error in ruling that the appeal was untimely filed; the second was whether the trial court was in error in concluding that Warenczuk's failure to submit to the breathalyzer testing was not knowing and conscious. Commonwealth Court held that the appeal was untimely and, therefore, did not address the second issue.

Commonwealth Court's rationale was that (1) the appeal must be taken within thirty days of the entry of the order of suspension; (2) where service is by mail, the date of entry of the order is the date of mailing; (3) DOT bears the burden of proving mailing; (4) once mailing is proved, there is a pre-

---

**2.** 42 P.S. § 5571(b) provides:

    (b) Other courts.—Except as otherwise provided in subsections (a) and (c), an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.

42 P.S. § 5572 provides:

    The date of service of an order of a government unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of entry of the order for the purposes of this subchapter. The date of entry of an order of a court or district justice may be specified by general rules.

sumption that the addressee received the mailing, and this presumption cannot be rebutted by a mere denial of receipt; (4) the certified copy of the notice of suspension, which was introduced into evidence, stated on its face: "Mail Date: June 08, 1990"; (5) the introduction into evidence of the certified copy of the actual notice of suspension, complete with mailing date, as opposed to a bare certification that notice was sent, is sufficient to meet DOT's burden of producing evidence that the document was mailed on June 8, 1990. Commonwealth Court concluded that because the appeal was filed on October 15, 1990, which is beyond the thirty day statutory limit from the mailing date, the appeal was untimely filed.

We granted allocatur to determine whether the Commonwealth must prove more in a case involving the suspension of a driver's license than merely that notice of suspension was sent on a particular date.

This court has recently addressed the matter of the notice required in drivers' license suspension cases in *Commonwealth v. McDonough*, 533 Pa. 283, 621 A.2d 569 (1993). In that case, as in this one, the person convicted of driving while her license was suspended, did not receive notice of the suspension because she did not notify DOT of her change in address. The *McDonough* court was evenly divided, with those in favor of affirmance holding that "a defendant's failure to notify Penndot of a change of address pursuant to 75 Pa.C.S.A. § 1515 [3], precludes his or her reliance on the defense of insufficient notice." Those in support of reversal reasoned that violation of § 1515 (notice to DOT of change of address) is a summary offense punishable by a $25 fine, and that failure to notify DOT of a change of address does not

3. Section 1515 provides:
   Notice of Change of Name or Address. Whenever any person after applying for or receiving a driver's license moves from the address named in the application or in the driver's license issued or when the name of a licensee is changed such person shall, within fifteen days thereafter, notify the department in writing of the old and new addresses or of such former and new names and of the number of any license then held by the person.

constitute a waiver of one's constitutional right to notice that one's driving privileges have been suspended.

The Commonwealth echoes *McDonough's* opinion in support of affirmance and argues that any difficulty encountered by Warenczuk in receiving his notice of suspension was self-imposed, since he did not notify DOT of his current mailing address, although he is required to make such notification pursuant to 75 Pa.C.S. §§ 1312 and 1515.[4] Further, the Commonwealth points out that there is no statute, no regulation and no rule of court which requires it or any other governmental unit to serve its orders and notices by certified mail, citing 42 Pa.C.S. § 5572, 1 Pa.Code § 31.13; Pa.R.A.P. 108(a).

The United States Supreme Court has laid down certain guidelines which states must follow in the suspension of driver's licenses:

> Once licenses are issued, as in petitioner's case, their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment.... This is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a "right" or a "privilege."

*Bell v. Burson*, 402 U.S. 535, 539, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90, 94 (1971) (Citations omitted).

In *Tracy v. Co. of Chester, Tax Claim Bureau*, 507 Pa. 288, 489 A.2d 1334 (1985), this court, addressing the problem of the

4. Section 1312 provides:

Any person whose address is changed from the address named in the application for registration or on the registration card or whose name is changed shall, within 15 days, notify the department in writing of the old and new address, or of such former and new names, and of the title or registration number of every vehicle registered in the person's name.

Section 1515 is set out supra.

notice that is to be accorded the owner of real estate before a tax sale may be conducted, stated:

> [U]nder the due process clause a *reasonable effort* must be made to provide *actual* notice of an event which may significantly affect a legally protected property interest. In *Mullane* [*v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)] published notice of an action to settle accounts of a trust fund was relied upon without notice mailed to individuals or personal service, even though the names and addresses of trust beneficiaries were known. It was unreasonable, in these circumstances, to rely upon published notice. In *Mennonite Board* [*v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983)] the name of the mortgagee was on file with the county recorder, and although its address was not on file, the address *"could have been ascertained by reasonably diligent efforts."* 462 U.S. at 798 n. 4, 103 S.Ct. at 2711 n. 4, 77 L.Ed.2d at 187 n. 4. (Emphasis supplied). Similarly, in the *First Pennsylvania Bank* [*v. Lancaster County Tax Claim Bureau*, 504 Pa. 179, 470 A.2d 938 (1983)] and *In Re Upset Sale, Tax Claim Bureau of Berks County*, [505 Pa. 327, 479 A.2d 940 (1984)] supra, mailed notice of a tax sale or personal service could reasonably have been affected by a check of public mortgage and judgment indexes.

507 Pa. at 295–96, 489 A.2d at 1338. (Emphasis in original.)

Although we are not required here to reach the question of whether what are characterized as driving privileges are property interests as such, they are, nonetheless, enormously important rights or privileges, and therefore, reasonable efforts must be taken to insure that they are not erroneously suspended or removed. In other words, reasonable effort must be taken to insure that the person whose license is to be suspended is notified of the agency's intent to suspend his driving privileges. But what efforts are reasonable?

The Commonwealth's view is that reasonable efforts are what is required by the statute, i.e., regular mail service to the last known address as it is found in the agency's files. We disagree. Because the Commonwealth seeks to suspend an

important right or privilege, it must take action reasonably calculated to insure that the party whose license is to be suspended actually receives notice of the suspension.

It may be that this requirement will vary from case to case, depending upon the circumstances of each, but in the present case, the Commonwealth's position is not helped by the fact that it had in its possession Warenczuk's new address. The state trooper who administered the breath test and who reported to DOT that Warenczuk had refused the breath test, provided in that report a current address for Warenczuk. Had the agency used certified mail to serve its notice of suspension, for example, upon return of the unclaimed notice, DOT would have realized, presumably, that Warenczuk was not at the address in the agency's files. Armed with that information, the agency might then have checked the breath test report or made other prudent checks to secure Warenczuk's present address. Because the agency did nothing beyond sending a regular mail notice to the last address of record in its files, it did not act reasonably in the circumstances of this case.

For the foregoing reasons, we would hold that in order for DOT to suspend a driving license pursuant to 75 Pa.C.S. § 1547, due process requires that it must prove as an element of its case that notice of suspension was actually served or that, in the circumstances of the case, it made reasonable attempts to insure that the notice of suspension which was sent out was actually received. *Compare Comm. v. Kane,* 460 Pa. 582, 586, 333 A.2d 925, 926 (1975), (Commonwealth must prove notice of suspension of driving privileges as an element of its criminal prosecution pursuant to 75 Pa.C.S. § 1543).

ZAPPALA and CAPPY, JJ., join this Opinion in Support of Reversal.