## PennDOT v. Medvetz

C.P. of Berks County, no. 5103-95, AD.

*Mark A. Werlinsky,* for PennDOT.
*Barry F. Gultanoff,* for appellee.

SCHAEFFER, *P.J.,* March 7, 1996—This case involves the suspension of the motor vehicle operating privileges of one Sandra G. Medvetz. On August 1, 1987, Medvetz was involved in a motor vehicle accident. She was then charged with a chemical test refusal. On August 19, 1987, the Department of Transportation, Bureau of Driver Licensing mailed official notice to Medvetz informing her that her operating privilege would be suspended for one year for the alleged chemical test refusal pursuant to section 1547 of the Vehicle Code, 75 Pa.C.S. §1547. On December 7, 1987, Medvetz filed a petition for appeal nunc pro tunc with the Court of Common Pleas of Montgomery County from DOT's suspension. The trial court, following oral argument, granted Medvetz leave to appeal nunc pro tunc. The trial court then, after a de novo hearing sustained Medvetz's appeal.

The Commonwealth Court reversed the trial court's granting Medvetz's leave to appeal nunc pro tunc, finding that Medvetz did not allege or show that a fraud or breakdown in the court's operations had occurred. The Commonwealth Court, on June 15, 1993, vacated the trial court's order and directed it to quash Medvetz's appeal. *PennDOT v. Gelormino,* 160 Pa. Commw. 12, 636 A.2d 224 (1993).

Over two years later, on August 25, 1995, DOT again sent notification to Medvetz that her operating privileges would be suspended for a period of one year, effective September 29, 1995 for refusing to submit to the chemical test pursuant to section 1547 of the Vehicle Code. (Exhibit 1.)

On September 28, 1995, Medvetz filed a petition for appeal from suspension of driver's license to the

Court of Common Pleas of Berks County, the county in which she currently resides. On November 16, 1995, the matter came before the Honorable Calvin E. Smith, then a judge of this court. Judge Smith sustained Medvetz's appeal. DOT now appeals that decision.

Judge Smith's commission as a judge of this court expired at midnight on December 31, 1995, and as a result the case has been reassigned to the Honorable Forrest G. Schaeffer, President Judge of said court. Because of such reassignment and because of the appeal of Judge Smith's November 16, 1995 order to the Commonwealth Court, we now write this memorandum opinion.

In its concise statement of matters complained of on appeal, DOT sets forth two main alleged reversible errors. First, that Judge Smith erred in denying DOT's motion to quash the appeal as untimely filed. Second, that Judge Smith erred in sustaining the appeal without requiring Medvetz to present any evidence.

As to DOT's motion to quash, DOT argues that it sent the notice of suspension on August 25, 1995 and that Medvetz filed her petition for appeal on September 28, 1995, thus exceeding the 30 day appeal period. 42 Pa.C.S. §1547(b)(1). Therefore, DOT argues, the trial court had no subject matter jurisdiction.

An appeal from a suspension of a driver's operating privilege must be filed within 30 days of the entry of the order of suspension. *PennDOT v. Warenczuk,* 160 Pa. Commw. 6, 636 A.2d 1225 (1991), *aff'd,* 534 Pa. 623, 633 A.2d 1167, *cert. denied,* 113 S.Ct. 1854, 128 L.Ed.2d 478; 42 Pa.C.S. §5571(b). Where service of the order is by mail, the date of entry of the order is the date of mailing. *Id.* 42 Pa.C.S. §5572. If an appeal is filed beyond the statutory 30 day period, the trial court is without subject matter jurisdiction. *Id.*

*PennDOT v. Pineno,* 114 Pa. Commw. 102, 538 A.2d 141 (1988).

When DOT moves to quash an appeal on the ground that it was untimely filed, it bears the burden of proving that the notice was mailed and received and that the defendant filed her appeal more than 30 days from the date of the mailing. By producing a certified copy of the notice of suspension which on its face provides the mail date, DOT produces evidence sufficient to establish the mailing date. *Warenczuk, supra* at 9, 636 A.2d at 1226. Once the fact of mailing is established, a presumption arises that the mailed notice was in fact received. The burden of production then shifts to the defendant to rebut the presumption. The presumption is not rebutted by a mere denial of receipt. *Id.*

In the present case, DOT offered into evidence a certified copy of Medvetz's driving record, including the notice DOT sent, which contained the date August 25, 1995.[1] (Exhibit 1.) Therefore, a presumption arose that Medvetz received the notice. If she did receive the notice, then her appeal was untimely filed, as the record shows she filed it on September 28, 1995, 34 days after August 25, 1995.

Judge Smith erred in denying DOT's motion to quash the appeal. In order to have so ruled, he should have required Medvetz to produce evidence to negate the presumption that she had received the notice. Had she done so, Judge Smith could have then denied DOT's motion if he found, based on all the evidence, that DOT had not met its burden of showing that the notice was sent on the date alleged or in fact received.

It is also true that Judge Smith could have permitted Medvetz's appeal to have proceeded nunc pro tunc if

---

1. The certified copy of Medvetz's driving record was admitted into evidence by agreement.

Medvetz so moved and proved that she had filed her appeal late due to fraud or a breakdown of the court.[2]

Because Judge Smith did not require Medvetz to rebut the presumption of receipt of the notice or to show that she filed the appeal late due to a fraud or breakdown of the court before denying DOT's motion, he erred.

Moreover, Judge Smith, after denying DOT's motion to quash, simply sustained the appeal without hearing any evidence. Judge Smith proclaimed, "There is Christmas coming. This is her birthday gift."

A defendant who claims that her license suspension should be quashed due to an unreasonable length of time in exercising the suspension must prove, (1) that DOT allowed an unreasonable period of time to pass from when it should have suspended her motor vehicle operating privileges and the time it actually did suspend them; and (2) that she was prejudiced by the delay. *Rea v. PennDOT,* 132 Pa. Commw. 145, 572 A.2d 236 (1990).

Judge Smith erred in sustaining the appeal without hearing evidence. It is patent error to not require an appellant to meet her burden of proof.

Therefore, this court must request that the Commonwealth Court remand the case to this court for further action.

---

2. In arguing against DOT's motion to quash, Medvetz's counsel argued that the appeal was not filed late because Medvetz was not required to file the notice of her appeal within 30 days due to the fact that the notice of suspension did not advise Medvetz of her right to appeal the suspension within 30 days. Because the license suspension is a civil action, there is no requirement that the notice of suspension include notification of the 30 day appeal period.