# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Blessing Auto Repairs, Inc.,          :
                 Appellant      :
                                  :
           v.                     :
                                  :
Commonwealth of Pennsylvania,     :     No. 1704 C.D. 2016
Department of Transportation       :     Submitted: September 8, 2017


BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE COVEY                             FILED: November 29, 2017


      Blessing Auto Repairs, Inc. (Blessing) appeals from the Philadelphia County Common Pleas Court's (trial court) September 8, 2016 order denying its Petition to Appeal and for Supersedeas *Nunc Pro Tunc* Appeal (Petition) from the Commonwealth of Pennsylvania, Department of Transportation's (DOT) suspension of its Certificate of Appointment as an Official Safety Inspection Station (Certificate). Essentially, the issue before the Court is whether the trial court erred by denying the Petition.[1] After review, we affirm.

      Blessing held DOT-issued Certificate No. BF14 to conduct vehicle safety inspections at its station located at 4160 Whitaker Avenue, Philadelphia, Pennsylvania.

---

[1] Blessing's Statement of Questions Involved sets forth three issues: (1) whether the trial court erred in denying the Petition when DOT personally served the suspension notice rather than mailing it; (2) whether the trial court erred in denying the Petition when Blessing acted with due diligence upon learning of the grounds relied upon for relief; and, (3) whether the trial court erred in sustaining DOT's hearsay objection to testimony describing what DOT's representative told Blessing on June 3, 2016. *See* Blessing Br. at 4. Because all three issues relate to whether the trial court erred in denying Blessing's appeal *nunc pro tunc*, we have combined the issues herein.

By May 3, 2016 Order of Suspension of Official Inspection Station (Suspension Order), DOT notified Blessing that its Certificate was suspended pursuant to Section 4724 of the Vehicle Code, 75 Pa.C.S. § 4724, for six months effective June 3, 2016.[2] The Suspension Order further declared:

> You have the right to appeal this [Suspension Order] to the [trial court] in which the above[-]referenced inspection station is located, **WITHIN THIRTY (30) DAYS OF THE MAIL DATE** [(*i.e.*, May 3, 2016)] **OF THIS ORDER.** If you do file an appeal, a signed and time-stamped copy of the appeal must be served upon [DOT] at the mailing address listed below. **FILING OF AN APPEAL DOES NOT AUTOMATICALLY STAY THE SUSPENSION.** In order for your privileges to be restored pending appeal, a signed Order of Supersedeas from the [trial c]ourt directing [DOT] to stay the suspension must be served upon [DOT] at the mailing address listed below.

Reproduced Record (R.R.) at 40a. Accordingly, the deadline to timely appeal from the Suspension Order was June 2, 2016.

Blessing filed its Petition with the trial court on June 28, 2016, seeking to appeal from the Suspension Order *nunc pro tunc* due to an alleged administrative breakdown. Blessing alleged it never received the Suspension Order, and did not become aware of it until June 3, 2016, when DOT's Quality Assurance Officer Jay Hawkins (Hawkins) visited Blessing's premises the day the suspension began. *See*

---

[2] The Suspension Order specified that Blessing was receiving a suspension

> two (2) months [for] improper record keeping (fail[ing] to record the required information in the MV-431 book) and four (4) months for inspecting more than three motorcycles or two other vehicles per hour (performed 16 inspections on Dec[ember] 30, 2015 and 17 inspections on Dec[ember] 31, 2015) and [a] warning for improper security of certificate of inspection (sticker numbers A163108291-A163108310 not logged in the MV-431 book).

Reproduced Record (R.R.) at 39a.

R.R. at 31a-43a. DOT responded that Blessing failed to rebut the legal presumption that it received the mailed Suspension Order. *See* R.R. at 44a-50a. The trial court held a hearing on September 1, 2016. *See* R.R. at 9a-27a. By September 8, 2016 order, the trial court denied the Petition. *See* Blessing Br. App. A-1. On September 30, 2016, Blessing timely appealed to this Court.[3] On October 5, 2016, Blessing filed its Concise Statement of Errors Complained of on Appeal, *see* R.R. at 28a-30a, and the trial court issued its opinion on December 23, 2016. *See* Blessing Br. App. A-2 – A-10.

Initially, "a licensee has 30 days from the mailing date of DOT's notice of suspension to file an appeal with the trial court."[4] *Fetherman v. Dep't of Transp., Bureau of Driver Licensing*, 167 A.3d 846, 851 (Pa. Cmwlth. 2017). "Appeals filed beyond the 30-day appeal period are untimely and deprive the trial court of subject matter jurisdiction . . . ." *Williamson v. Dep't of Transp., Bureau of Driver Licensing*, 129 A.3d 597, 601 (Pa. Cmwlth. 2015). Notwithstanding, "an extension of time to file *nunc pro tunc* is permitted where either fraud or an administrative breakdown cause the delay in filing the appeal." *Baum v. Dep't of Transp., Bureau of Driver Licensing*, 949 A.2d 345, 348 (Pa. Cmwlth. 2008). "Moreover, a petitioner in a *nunc pro tunc* appeal must proceed with reasonable diligence once he knows of the necessity to take action." *Ercolani v. Dep't of Transp., Bureau of Driver Licensing*, 922 A.2d 1034, 1037 (Pa. Cmwlth. 2007). The licensee/certificate holder has the burden of proof. *Baum*.

In addition, "[DOT] is not required to show that the licensee actually received the notice." *Dep't of Transp., Bureau of Driver Licensing v. Grasse*, 606 A.2d

---

[3] "This Court's standard of review of a denial of an appeal *nunc pro tunc* is whether the trial court abused its discretion or committed an error of law." *Croft v. Bd. of Prop. Assessment, Appeals & Review*, 134 A.3d 1129, 1130 n.3 (Pa. Cmwlth. 2016).

[4] Section 4724(b) of the Vehicle Code, 75 Pa.C.S. § 4724(b), authorizes appeals from DOT inspection station certificate in accordance with the Judicial Code. Section 5572 of the Judicial Code states that an order's date of entry "shall be the date of mailing if service is by mail[.]" 42 Pa.C.S. § 5572.

544, 546 (Pa. Cmwlth. 1991). "Under the mailbox rule, proof of mailing raises a rebuttable presumption that the mailed item was received[.]" *Id.* at 545. DOT may prove mailing "by offering into evidence the certified copy of the actual notice containing on its face the notation 'Mail Date: [___.]'" *Dep't of Transp., Bureau of Traffic Safety v. Warenczuk*, 636 A.2d 1225, 1226 (Pa. Cmwlth. 1991), *aff'd*, 633 A.2d 1167 (Pa. 1993). "[I]t is well-settled that the presumption under the mailbox rule is not nullified solely by testimony denying receipt of the item mailed." *Grasse*, 606 A.2d at 545.

In the instant appeal, Blessing argues that the trial court erred by denying its Petition because DOT personally served the Suspension Order rather than mailing it, and the evidence established that Blessing acted with due diligence upon learning of the deadline. Blessing also contends that the trial court erred in sustaining DOT's hearsay objection to Blessing's owner Marc Guerrier's (Guerrier) testimony. We disagree.

At the trial court hearing, a certified copy of DOT's Suspension Order bearing the May 3, 2016 mailing date was admitted into evidence.[5] *See* R.R. at 19a-20a, 26a-27a. Guerrier testified that he never received the Suspension Order, and saw it for the first time when Hawkins handed it to him on June 3, 2016. *See* R.R. at 15a-16a, 19a. Based upon his conversation with Hawkins, Guerrier believed that Blessing had 30 days from June 3rd to appeal.[6] *See* R.R. at 16a-17a. Guerrier explained that he

---

[5] The parties stipulated that the copy presented to the trial court was certified and was the Suspension Order at issue. *See* R.R. at 19a-20a. The parties did not, as the trial court stated, "stipulate[] that [DOT] sent the [Suspension Order] to [Blessing]." Trial Ct. Op. at 5; *see also* R.R. at 20a.

[6] "In general, questions concerning the admission and exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent a finding of abuse of discretion." *Carpenter v. Pleasant*, 759 A.2d 411, 414 (Pa. Cmwlth. 2000). "Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement." *Commonwealth v. Begley*, 780 A.2d 605, 623 (Pa. 2001). Pursuant to the Pennsylvania Rule of Evidence 802, "hearsay

nevertheless went to City Hall that same day to file Blessing's appeal, but it was refused as untimely. *See* R.R. at 17a-18a. Guerrier described that, during the next 25 days, he hired one attorney, who declined the case after one week, and then found another who filed the Petition on June 28, 2016. *See* R.R. at 18a, 21a. Guerrier confirmed that Blessing's Certificate had been suspended since June 3, 2016. *See* R.R. at 18a-19a.

The trial court denied Blessing's Petition because Blessing failed to present evidence to rebut the mailbox rule presumption that it received DOT's Suspension Order. The trial court ruled that Blessing did not proceed with due diligence where, despite Guerrier's June 3, 2016 appeal attempt and retaining counsel, Blessing's appeal was not filed until June 28, 2016. *See* Blessing Br. App. A (Trial Ct. Op.) at A-6 – A-8.

Based upon our record review, DOT's certified copy of the Suspension Order bearing a mailing date of May 3, 2016 raised a rebuttable presumption that Blessing received the Suspension Order. *Grasse.* Guerrier's testimony alone, that Blessing did not receive the Suspension Order, was not sufficient to rebut that presumption. *Id.* Notwithstanding Guerrier's claim that he thought Blessing had 30 days from June 3, 2016 to appeal, the Suspension Order was clear that the 30 days began to run on May 3, 2016. Blessing did not diligently act where, despite being

---

is not admissible." Pa.R.E. Rule 802. "The rule against admitting hearsay evidence stems from its assumed unreliability, because the declarant cannot be challenged regarding the accuracy of the statement." *Begley*, 780 A.2d at 623. However, statements not offered for their truth, but to show their effect upon the listener are not hearsay and, thus, are admissible. *Architectural Testing, Inc. v. Unemployment Comp. Bd. of Review*, 940 A.2d 1277 (Pa. Cmwlth. 2008).

Here, the trial court sustained DOT's hearsay objection to Guerrier's testimony: "[Hawkins] said . . . ," R.R. at 16a, but permitted Guerrier to respond to the question: "Based on what [Hawkins] told you, what was your understanding with respect to how long you had to appeal this notice?" R.R. at 17a. Accordingly, Blessing solicited what information Guerrier received from Hawkins. Under the circumstances, the trial court properly allowed Guerrier's testimony regarding Hawkins' statement, and did not abuse its discretion.

aware on June 3rd of its need to file its appeal, did not file its appeal for another 25 days.[7]

Based on the foregoing, because Blessing failed to demonstrate that an administrative breakdown caused its late filing, and that it proceeded with reasonable diligence, we hold that the trial court properly denied Blessing's Petition. Accordingly, we affirm the trial court's order.

_____
ANNE E. COVEY, Judge

---

[7] This Court denied a *nunc pro tunc* appeal where a party did not proceed until 11 days after the party could have taken action. *See Stanton v. Dep't of Transp., Bureau of Driver Licensing*, 623 A.2d 925 (Pa. Cmwlth. 1993) (where counsel's assistant was notified of the appeal assignment on February 10th but was out of the office thereafter until February 17th and waited another 11 days after her return to the office to finally process the appeal on February 28th).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Blessing Auto Repairs, Inc.,      :
               Appellant     :
                                   :
          v.                   :
                                   :
Commonwealth of Pennsylvania,     :     No. 1704 C.D. 2016
Department of Transportation        :


## O R D E R

AND NOW, this 29th day of November, 2017, the Philadelphia County Common Pleas Court's September 8, 2016 order is affirmed.

_____
ANNE E. COVEY, Judge